OPINION OF THE COURT
Lee L. Holzman, J.
This is an application pursuant to SCPA 1726 (L 1992, ch *812 290, eff June 30, 1992) by the infant’s father for the appointment of a standby guardian for his eight-year-old son. Sadly, shortly after the petition was filed, the court was advised by telephone that petitioner had died.
Petitioner executed the petition, the designation of standby guardian, and consent to commencement of standby guardian’s authority on October 8, 1993, and these documents were filed with the court on November 10, 1993. The father’s signatures on these documents reflect that he was unable to connect the letters of his name and that he was not able to write these letters in anything which closely resembles a straight line. The "determination of incapacity” executed by the physician on October 8, 1993, the same date the other documents were executed by the father, contains the following statement: "Patient is suffering from terminal stages of AIDS and prognosis is not very good. The patient has a chronic problem and at the present level is incapable of taking care of his child.”
Under these circumstances, it is appropriate that the doctor who executed the determination of incapacity provide the court with his expert opinion as to whether the father was competent to understand the import of the documents that he had executed on October 8, 1993 and which were thereafter filed with the court. Obviously, if the father did not understand the meaning of the documents which he executed, they cannot be given any effect and the petition must be denied.
The instant petition gives no information about the standby guardian other than his name, his address and that he is a proper person to be the standby guardian because "he is a person of good moral character and financially and both [sic] physically capable of caring for the minor”. Ironically, on the same day that this application was filed, the Chief Administrative Judge promulgated pursuant to Uniform Rules for New York State Trial Courts (22 NYCRR) § 207.52 forms for use in standby guardian proceedings. One of the required forms is an "affidavit and consent of proposed standby guardian pursuant to SCPA 1726 (3)” which requires, inter alia, that the proposed guardian provide information about the length and nature of the relationship between the infant and the guardian, the residence of the guardian and the other resident members of the household, the guardian’s involvement, if any, with criminal proceedings, the guardian’s involvement, if any, with substance abuse, and any condition that might interfere *813 with the guardian’s ability to perform the duties of a guardian.
Petitioner’s death precludes the filing of a petition on a new form but the designated standby guardian shall, in addition to supplying the aforementioned affidavit from the doctor, file the following: the two recently promulgated forms, to wit, the affidavit and consent of proposed standby guardian pursuant to SCPA 1726 (3) and the confirmation affidavit of the standby guardian; certified copies of the death certificates for both of the infant’s parents; and a sworn statement setting forth both where and with whom the infant resided prior to his father’s death and the same information for the period after the death of his father.
Requiring that the above documentation and information be supplied before a hearing is scheduled should not be construed as a misinterpretation of the reasons why SCPA 1726 was enacted. The Memorandum of State Executive Department in support of SCPA 1726 states that the statute was enacted "[t]o enable a parent who may die or become incapacipated to appoint a standby guardian whose authority will commence upon the parent’s death or incapacity” (1992 McKinney’s Session Laws of NY, at 2580). This memorandum also notes that the statutory provisions grew out of a project in which legal and health care professionals worked with women with AIDS on guardianship and custody issues. One of the problems that these women had encountered under the law as it then existed was that a designation of a guardian in a will or a deed was not binding upon the court. Furthermore, while they were still alive and able to perform their parental responsibilities, they did not want to relinquish their parental authority to another who would immediately have the legal right to make decisions for their child.
Inasmuch as the nonbinding character of a guardian designation by will or deed was one of the reasons for enacting SCPA 1726, it is clear that the court should not substitute its judgment for that of the parent in determining what is in the infant’s best interests. The other side of the coin is that SCPA 1726 (3) (d) (i) provides that a decree appointing a standby guardian shall only be entered if "the interests of the infant will be promoted by the appointment of a standby guardian” and if "the court finds that there is a significant risk that the petitioner will become incapacipated or die within two years of the filing of the petition”. To ensure that the interests of infants will be so promoted, SCPA 1726 (2) provides that all of *814 the other provisions of SCPA article 17 relating to guardian-ships in general apply to this provision of the law except as otherwise specifically provided. Moreover, the requirement that the parent’s death or disability must be imminent places the additional burden upon the court of being satisfied that the condition which portends the imminent incapacity or death of the parent has not also clouded the parent’s judgment to such a degree that the selection of a guardian might pose a danger to the child.
The unenviable task of those who must implement the stated statutory goals is to carry out the custody wishes of a parent, whose death might very well be imminent, in an expeditious manner, free of any unnecessary bureaucratic red tape, while at the same time insuring that the child is not being treated as a chattel which can be transferred merely by the execution of certain documents. The court cannot in good conscience approve an application for standby guardianship without inquiring into the circumstances surrounding the execution of the documents as well as whether the appointment of the designated standby guardian will promote the best interests of the infant. This leads to the conclusion that SCPA 1726 creates a strong statutory presumption that the competent (although sometimes incapacipated) parent’s choice as to a standby guardian will promote the interests of the child but that the court nevertheless has the discretion not to appoint that choice where it clearly and convincingly appears that appointing that person as a standby guardian would not promote the interests of the child.