OPINION OF THE COURT
Renee R. Roth, S.
The threshold question in this uncontested application for *254 the appointment of a standby guardian of an infant is whether a hearing is required under the recently enacted SCPA 1726 (L 1994, ch 478).
That statute enables a parent, who is at risk of dying or becoming incapacitated, to obtain court approval for the appointment of a guardian for his or her minor child but to defer the actual service of such guardian until the parent can no longer function. In enacting the statute, the Legislature recognized that the ability to make such advance arrangements has "become more urgent as AIDS takes an increasing toll of young parents, particularly young single mothers” (Mem of State Executive Dept, 1992 McKinney’s Session Laws of NY, at 2582).
In accordance with the purpose of the statute, only a parent or legal guardian who suffers "from a progressively chronic illness or * * * an irreversibly fatal illness” may petition for the appointment of a standby guardian (SCPA 1726 [3] [b] [ii]).
The new law permits the parent to proceed in either of two ways: by petitioning the court to appoint a standby guardian whose authority is to become effective upon petitioner’s consent, incapacity or death (SCPA 1726 [3]) or by designating a standby guardian by means of a duly executed writing (SCPA 1726 [4] [a]) that authorizes the designee to seek court appointment as guardian when the triggering event has occurred (SCPA 1726 [4] [b]). Clearly, court preapproval and appointment of the standby guardian to be effective in the future can provide great comfort to the parent. Interested parties are joined and petitioner has the opportunity to establish a record before the court and to respond to those who might oppose his or her choice.
Although the statute was designed to effectuate the parent’s wishes, it does not supersede the court’s responsibility to ensure that the best interests of the infant will be served (SCPA 1726 [3] [d]). At whatever point the court becomes involved, the child’s best interest is the primary concern as in all guardianship proceedings (SCPA 1726 [3] [d] [i]; [4] [e]) or, for that matter, as in all proceedings which concern an infant.
The question of whether a hearing is required involves construction of subdivision (3) (c) of SCPA 1726 and consideration of how best to serve the infant’s welfare. Although not expressly stated, such subdivision appears to contemplate a hearing by providing that "The petitioner’s appearance in court shall not be required if the petitioner is medically unable to appear, except upon motion and for good cause shown.”
*255 This language does not appear in any other provisions of article 17 which govern the appointment of guardians. A hearing is either expressly mandated (see, SCPA 1754) or discretionary (see, SCPA 1706). It is observed that SCPA 1706 was added from CPLR 1210 (b) which was entitled "Hearing” (former Surrogate’s Ct Act § 178 was also entitled "Hearing”). The new heading of SCPA 1706 "Proceeding thereupon” (rather than "Hearing”) merely requires the court to " 'ascertain’ ” certain specific facts and reflects the practice of the court to make a determination on the papers when a matter is uncontested (see, 10C Cox-Arenson-Medina, NY Civ Prac ¶¶ 1706.02-1706.03).
The above-quoted language of SCPA 1726 (3) (c) clearly assumes the necessity of a hearing. Given the extraordinary circumstances that bring about these applications and the court’s mandate to promote the infant’s best interest, it would be irresponsible to determine an application for standby guardianship on the papers. At the very least, a hearing should be held that requires the presence of the proposed standby guardian, the infant and the petitioner, unless otherwise excused. The court must ascertain the condition and needs of the infant and be satisfied, inter alia, that the nominee is fit and capable of caring for the child and that the medical condition of the parent, which is the basis for seeking appointment of a standby guardian, has not caused an impairment of his or her judgment (see, Matter of Rene O. C., 159 Misc 2d 811).